UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMA PROPERTY INVESTMENTS CORPORATION,<br><br>                                        Plaintiff,<br><br>v.<br><br>JACKIE QUILALANG,<br><br>                                        Defendant. | Case No.:  3:21-CV-2089-CAB-BGS<br><br>**ORDER OF REMAND TO STATE COURT** |

On September 13, 2021, Plaintiff filed a complaint for unlawful detainer against Defendant Jackie Quilalang. [Doc. No. 1-2 at 4.]  On December 15, 2021, Quilalang, proceeding *pro se*, removed the action to this court. [Doc. No. 1.]  After reviewing the notice of removal and the underlying complaint, the Court finds that the Court lacks subject matter jurisdiction over this case.  Accordingly, the Court **REMANDS** this action to state court.

A suit filed in state court may be removed to federal court by the defendant or defendants if the federal court would have had original subject matter jurisdiction over that suit.  28 U.S.C. § 1441(a); *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243 (9th Cir. 2009).  On the other hand, "[i]f at any time before final judgment it appears that

1   the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C.

2   § 1447(c); *see also Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346

3   F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and,

4   indeed, we have held that the district court must remand if it lacks jurisdiction."). The

5   Court may remand *sua sponte* or on motion of a party. *See Snell v. Cleveland, Inc.*, 316

6   F.3d 822, 826 (9th Cir. 2002) ("Federal Rule of Civil Procedure 12(h)(3) provides that a

7   court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during

8   the pendency of the action . . . ."). "The defendant bears the burden of establishing that

9   removal was proper." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d

10  1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about

11  the right of removal requires resolution in favor of remand." *Moore-Thomas*, 553 F.3d at

12  1244.

13      Generally, subject matter jurisdiction is based on the presence of a federal question,

14  *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332.

15  The notice of removal asserts that removal is based on the existence of a federal question.

16  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded

17  complaint rule,' which provides that federal jurisdiction exists only when a federal question

18  is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v.*

19  *Williams*, 482 U.S. 386, 392 (1987). The complaint must establish "either that federal law

20  creates the cause of action or that the plaintiff's right to relief necessarily depends on

21  resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers*

22  *Vacation Trust*, 463 U.S. 1, 27-28 (1983).

23      Here, federal question jurisdiction is absent because no "federal question is

24  presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at

25  392. Plaintiff's complaint asserts a single claim for unlawful detainer, a cause of action

26  that is purely a matter of state law. *See Muhammad v. N. Richmond Senior Hous., Inc.*,

27  No. 15-CV-00629-WHO, 2015 WL 1154209, at *2 (N.D. Cal. Mar. 13, 2015) ("California

28  federal courts have repeatedly held that unlawful detainer cases brought under California's

unlawful detainer statute do not raise federal questions."); *Fed. Nat'l. Mortg. Ass'n v. Enshiwat*, No. 12-631 CAS (CWx), 2012 WL 683106, at *1 (C.D. Cal. Mar. 2, 2012) ("Unlawful detainer actions are strictly within the province of state court.") (quotations omitted).   Accordingly, the face of the complaint does not present a federal question justifying removal.

Quilalang also argues that removal is proper under 28 U.S.C. § 1443(1) because prosecution of the unlawful detainer action would violate her civil rights.   As the Ninth Circuit has explained:

> A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780, 788– 92, 794–804 (1966) and *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824–28 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Id.*

*Patel v. Del Taco, Inc.*, 446 F.3d 996, 998–99 (9th Cir. 2006).   Quilalang does not satisfy either part of this test.   None of the rights that she alleges were violated are rights given to her "by explicit statutory enactment protecting equal racial civil rights."   *Id.* at 999. Further, Quilalang fails the second part of this test because she does not identify any "formal expression of state law that prohibits [her from enforcing [her] civil rights in state court nor [does she] point to anything that suggests that the state court would not enforce [her] civil rights in the state court proceedings."   *Id.* at 999; *see also Liu v. Tan*, No. 18-CV-00054-JSC, 2018 WL 1371252, at *3 (N.D. Cal. Feb. 26, 2018) (recommending unlawful detainer action removed pursuant to section 1443(1) be remanded); *Capital One , N.A. v. Fareed-Sepehry-Fard*, No. 17-CV-07241-BLF, 2018 WL 4781441, at *3 (N.D. Cal. Feb. 7, 2018) (remanding unlawful detainer action removed pursuant to section 1443(1)).

Based on the foregoing, the Court lacks subject matter jurisdiction over this matter and **REMANDS** the case to San Diego County Superior Court.

It is **SO ORDERED**.

Dated:  December 17, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge

3:21-CV-2089-CAB-BGS